GIBSON, DUNN & CRUTCHER LLP
DOUGLAS FUCHS, SBN 196371
 DFuchs@gibsondunn.com
NICOLA HANNA, SBN 130694
 NHanna@gibsondunn.com
JIMMY ROTSTEIN, SBN 305072
 JRotstein@gibsondunn.com
RAYCHEL TEASDALE, SBN 335034
 RTeasdale@gibsondunn.com
BRENNA GIBBS, SBN 342388
 BGibbs@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant*
*Andrew A. Wiederhorn*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>ANDREW A. WIEDERHORN, WILLIAM J. AMON, REBECCA D. HERSHINGER, AND FAT BRANDS INC.,<br><br>            Defendants. | CASE NO. 2:24-CR-00295-RGK<br><br>**MR. WIEDERHORN'S NOTICE OF MOTION AND MOTION TO COMPEL THE PRODUCTION OF OUTSTANDING DISCOVERY**<br><br>**Trial:** October 28, 2025<br>**Hearing Date:** May 12, 2025<br>**Hearing Time:** 10:00 a.m.<br>**Dept:** Courtroom 850, 8th Floor<br>**Judge:** Honorable R. Gary Klausner |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on May 12, 2025 at 10:00 a.m., or as soon thereafter as this matter may be heard, before the Honorable R. Gary Klausner in Courtroom 850 of the above-entitled Court, located at 255 E Temple St, Los Angeles, CA 90012, Defendant Andrew Wiederhorn, will, and hereby does, move this Court for an order compelling the government to produce all outstanding discovery.

Although this case is largely about a line of credit extended to Mr. Wiederhorn from 2010 – 2020, the government has repeatedly stated it intends to introduce evidence at trial regarding different and unrelated loans Mr. Wiederhorn received from a different company in the 1990s ("the 1990s loans"). The government claims those loans are, among other things, part of the "same continuing set of schemes." Declaration of Douglas Fuchs, ¶ 4, Ex. 6. The government investigated those loans in the early 2000s, and ultimately concluded it could not charge Mr. Wiederhorn with any crime because of overwhelming evidence he relied on at least two different tax advisors when reporting the loans on his tax returns and thus lacked the requisite intent to defraud. *Id.* ¶ 2, Exs. 1, 2.

Because the government is attempting to inject the 1990s loans into this case (despite their irrelevance), the government is required to turn over all material and exculpatory documents collected as part of the previous investigation into the 1990s loans. However, the government has not turned over these documents, and quite possibly, may have destroyed them.

Accordingly, Mr. Wiederhorn brings this motion to compel the government to produce exculpatory, material information that shows this decades-old conduct was not unlawful and is unrelated to the conduct charged in this case. Mr. Wiederhorn identifies a number of documents produced by the government that reference and rely on documents the government received and reviewed in the early 2000s, but have not yet been produced in this case. However, there is much more to which Mr. Wiederhorn is entitled.

Gibson, Dunn & Crutcher LLP

1

2:24-CR-00295-RGK

NOTICE OF MOTION

Defense counsel has repeatedly met and conferred with the government regarding this outstanding discovery, starting with an initial discovery letter sent to the government on May 14, 2024—just five days after Mr. Wiederhorn was indicted. Fuchs Decl., Ex. 4. Since then, defense counsel has sent numerous letters and met and conferred with the government multiple times. *Id.* ¶¶ 9–10, Exs. 8, 9, 10. Most recently, in a January 6, 2025 letter from Mr. Wiederhorn's counsel to the government, Mr. Wiederhorn's counsel stated "[w]e are clearly at an impasse" and provided notice that Mr. Wiederhorn "will move forward with seeking appropriate relief from the Court." *Id.*, Ex. 10. The government has yet to produce the requested discovery or provide any additional information as to whether it still exists.

As such, Mr. Wiederhorn respectfully requests the Court order the production of all outstanding 1990s loans discovery within 14 days of the Court's order. To the extent any 1990s loans discovery was destroyed or is no longer in the government's possession, Mr. Wiederhorn requests the Court order the government to provide details of the document destruction, within the same time frame.

This Motion is based on this Notice of Motion and the Memorandum of Points and Authorities, the Declaration of Douglas Fuchs filed concurrently in support thereof, all of the pleadings and papers on file in this action, all matters of which this Court may take judicial notice, and on such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

DATED: April 14, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Douglas Fuchs*
Douglas Fuchs

*Attorneys for Defendant
Andrew A. Wiederhorn*