BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KEVIN B. REIDY (Cal. Bar No. 320583)
BENEDETTO L. BALDING (Cal. Bar No. 244508)
Assistant United States Attorney
Major Frauds/Transnational Organized Crime Sections
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8536/2274
    Facsimile: (213) 894-0141
    E-mail:   kevin.reidy@usdoj.gov
             Benedetto.balding@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 24-00295-RGK |
|---|---|
| Plaintiff, | **STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u>** |
| v. | |
| ANDREW A. WIEDERHORN, et al., | |
| Defendants. | **CURRENT TRIAL DATE:** 10/28/25 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Benedetto L. Balding and Kevin B. Reidy, and defendant Andrew A. Wiederhorn, individually and by and through his counsel of record, Douglas M. Fuchs; William J. Amon, individually and by and through his counsel of record, Gordon A. Greenberg; Rebecca D. Hershinger, by and through her counsel of record, Michael J. Proctor; and FAT Brands Inc., by and

through its counsel of record, Vicki Chou, hereby jointly stipulate as follows:

    1.   The Indictment in this case was filed on May 9, 2024. Defendant Wiederhorn first appeared before a judicial officer of the court in which the charges in this case were pending on May 10, 2024; the other defendants first appeared before a judicial officer of this Court on June 4, 2024. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that defendant Wiederhorn's trial commence on or before July 19, 2024, and that the trial against the remaining three defendants commence on or before August 13, 2024.

    2.   On May 10, 2024, the Court set a trial date of July 2, 2024, for defendant Wiederhorn; on June 4, 2024, the Court set a trial date of July 30, 2024, for the remaining defendants.

    3.   On June 11, 2024, the Parties filed a Stipulation Regarding Request for Continuance of Trial Date, asking that the Court move the trial date to October 28, 2025.

    4.   On June 14, 2024, the Court granted the Parties' Request for Continuance of Trial Date and set trial for October 28, 2025, for all defendants.

    5.   On September 9, 2024, defendants filed a Motion to Compel the Production of Outstanding Discovery, which included numerous IRS collection files for Mr. Wiederhorn and entities related to defendant FAT Brands, Inc.

    6.   On September 23, 2024, the government filed an opposition to defendants' Motion to Compel the Production of Outstanding

1 Discovery, but noted to the Court that it will produce the requested
2 IRS collection files.[1]
3     7.   On October 9, 2024, the Court granted defendants Motion to
4 Compel the Production of Outstanding Discovery in part and concluded
5 that, because there is no dispute that the government must produce
6 the IRS collection files, this portion of defendants' motion was
7 moot.
8     8.   On February 11, 2025, defendants filed an Unopposed *Ex*
9 *Parte* application for an order (1) Continuing the Trial Date; and (2)
10 Finding of Excludable Time Periods pursuant to Speedy Trial Act.
11 This continuance request was made on the grounds that lead counsel
12 for defendant Wiederhorn, Mr. Fuchs, and lead counsel for defendant
13 Amon, Mr. Greenberg, lost their homes in the recent Palisades fire.
14 As a result, both Mr. Fuchs and Mr. Greenberg lost irreplaceable
15 hardcopy work product that was critical to defendant Wiederhorn's and
16 defendant Amon's defenses.  In addition, both Mr. Fuchs and Mr.
17 Greenberg were forced to spend substantial time addressing their
18 personal displacement.  For these reasons, and to ensure continuity
19 of counsel, defendants sought to continue the trial date from October
20 28, 2025, to February 24, 2026.
21     9.   On February 13, 2025, the Court denied defendants Unopposed
22 *Ex Parte* application for an order (1) Continuing the Trial Date; and
23 (2) Finding of Excludable Time Periods pursuant to Speedy Trial Act
24 finding there was no good cause shown.

---

[1] In subsequent meetings between the government and defendants, the government agreed that the requested IRS collection files are discoverable. The government further agreed to undertake a search for these materials and produce the relevant information consistent with its discovery obligations.

10. On April 14, 2025, Defendant Wiederhorn filed a Motion to Compel Production of Outstanding Discovery relating to materials from a government investigation that occurred in the early 2000s concerning loans defendant Wiederhorn received.

11. On May 19, 2025, the Court granted in part defendant Wiederhorn's Motion to Compel Production of Outstanding Discovery ordering that the government produce any exculpatory facts contained in an IRS-CI Special Agent Report that was generated in the early 2000s.

12. On May 30, 2025, the government produced a redacted version of the IRS-CI Special Agent Report, which attached a "List of Witnesses and Exhibits."

13. Defendants have requested all discoverable material related to the 2000s investigation into defendant Wiederhorn's 1990s loans that relate in any way to the witnesses and reports referenced in the "List of Witnesses and Exhibits" that was attached to the IRS-CI Special Agent Report.

14. The government has produced approximately three million pages of discovery to the defendants, including over 100 witness statements and other reports of investigation; certain IRS materials, voluminous auditor, bank, and other financial records, pleadings and other records from other criminal and civil litigation, search warrants, affidavits in support of such warrants, and related information.  The government anticipates producing additional discovery to the defendants as set forth below and consistent with its ongoing discovery obligations.

15. While complying with its discovery obligations and gathering discovery from third-party witnesses, the government

4

encountered unforeseen technical and metadata issues that caused unavoidable production delays with respect to a large amount of the discovery.  The government was also forced to address privilege issues that were unexpectedly raised, causing additional delays in producing discovery to defendants.  As a result, the government produced over a million pages of discovery to the defendants months later than it originally anticipated.  Defendants later asked the government to re-produce these documents to address various metadata and technical issues in the original productions.  The government accommodated those requests.  Defendants did not receive the materials in an unencrypted or searchable format until February 2025. These unanticipated delays were not envisioned when the parties originally stipulated to the October 28, 2025 trial date.

16.  On June 24, 2025, the parties filed a joint Stipulation Regarding Request for Continuance of Trial Date, asking that the Court move the trial date to February 24, 2026.

17.  On July 7, 2025, the parties appeared for a hearing regarding the parties' continuance request.  The Court informed the parties that it could continue the fraud trial but that the only date available on the Court's calendar around the parties' requested February 24, 2026 trial date was January 13, 2026.  At the hearing, the Court advised defendants personally as to their rights under the Speedy Trial Act, defendants knowingly and voluntarily agreed to the continuance of the trial date, and waived their right to be brought to trial earlier than January 13, 2026.

18.  The three natural-person defendants are released on bond pending trial.  The government estimates that trial in this matter will last approximately three weeks; defendants estimate that the

1  trial in this matter will last approximately six to eight weeks.  All
2  defendants are currently joined for trial and a severance has not yet
3  been requested or granted.
4      19.   By this joint stipulation, the government and defendants
5  jointly move to continue the trial date.  This is the third request
6  for a continuance.
7      20.   The parties request the continuance based upon the
8  foregoing and following facts, which the parties believe demonstrate
9  good cause to support the appropriate findings under the Speedy Trial
10 Act:
11         a.   Defendant Wiederhorn is charged with a 26 U.S.C.
12 § 7212(a): Endeavoring to Obstruct the Administration of the Internal
13 Revenue Code; 26 U.S.C. § 7201: Evasion of Payment and Assessment of
14 Tax; 18 U.S.C. § 1343: Wire Fraud; 15 U.S.C. §§ 78m(k), 78ff:
15 Extension and Maintenance of Credit in the Form of Personal Loan from
16 Issuer to Executive Officer; 15 U.S.C. §§ 78m(b)(2)(B), 78ff(a) and
17 17 C.F.R. § 240.13b2-2: False Statements and Omission of Material
18 Facts in statements to Accountants in connection with Audits and
19 Reviews; 18 U.S.C. § 1350(c)(2), 17 C.F.R. §§ 229.402, 229.404:
20 Certifying Faulty Financial Reports; and 18 U.S.C. § 2(b): Willfully
21 Causing Acts To Be Done.
22         b.   Defendant Amon is charged with violations of 26 U.S.C.
23 § 7206(2): Aiding and Assisting Filing of False Tax Returns.
24         c.   Defendant Hershinger is charged with violations of 18
25 U.S.C. § 1343: Wire Fraud; 15 U.S.C. §§ 78m(k), 78ff: Extension and
26 Maintenance of credit in the Form of Personal Loan from Issuer to
27 Executive Officer; 15 U.S.C. §§ 78m(b)(2)(B), 78ff(a) and 17 C.F.R.
28 § 240.13b2-2: False Statements and Omission of Material Facts in

statements to Accountants in connection with Audits and Reviews; 18 U.S.C. § 1350(c)(2), 17 C.F.R. §§ 229.402, 229.404: Certifying Faulty Financial Reports; 18 U.S.C. § 1001(a)(2): Making False Statements; and 18 U.S.C. § 2(b): Willfully Causing Act To Be Done.

        d.   Defendant FAT Brands Inc. is charged with violations of 15 U.S.C. §§ 78m(k), 78ff: Extension and Maintenance of credit in the Form of Personal Loan from Issuer to Executive Officer.

        e.   In complying with its discovery obligations, the government continues to search for additional material related to the 2000s investigation into defendant Wiederhorn's 1990s loans. It is also searching for additional discoverable materials that relate to the witnesses and reports referenced in the "List of Witnesses and Exhibits" that is attached to the recently produced IRS-CI Special Agent Report based on defendants' request. Given that this material is from an investigation that is more than twenty years old and involves the search of numerous offices including, but not limited to, the Oregon United States Attorney's Office, the Department of Justice, Tax Division, Main Justice in D.C., the FBI, and the IRS, the government requires additional time to search for discoverable material in all of its files to ensure its complying with its discovery obligations.

        f.   Due to the delays caused by unforeseen technical, metadata, and privilege issues, defendants received over a million pages of discovery months later than the government originally anticipated producing the documents. This delay, and subsequent metadata and technical issues, have hindered defendants' review of the voluminous discovery and their ability to identify witnesses who

may possess relevant information. It has also delayed defendants' ability to identify and prepare expert witnesses.

      g.    The government is still searching for and determining whether there are outstanding items from IRS collection files for defendant Wiederhorn and entities related to defendant FAT Brands, Inc. To the extent additional discovery exists, it will be produced to defendants in the coming months.

      h.    Defendants will require time to review existing and forthcoming productions in connection with preparing their defenses for trial. The IRS-CI Special Agent Report production was hundreds of pages and identified dozens of additional witnesses defendants will likely need to interview. Moreover, the ongoing review of the over a million pages of discovery that was produced to defendants months later than it was originally anticipated to be produced will necessitate additional investigation. Thus, a continuance of the trial is necessary to mitigate any potential prejudicial impact from the foregoing.

      i.    Mr. Fuchs and Mr. Greenberg—lead trial counsel for Mr. Wiederhorn and Mr. Amon, respectively, continue to experience immense hardship as a result of losing their homes in the Palisades fire. Mr. Fuchs and Mr. Greenberg are still forced to devote significant time to addressing their displacement and recreating valuable hardcopy work product that was destroyed in the fire.

      j.    In light of the foregoing, the parties believe that additional time is necessary for the government to produce additional discovery and for defendants to conduct and complete an independent investigation of the case, review all discovery and potential evidence in this case, and prepare for trial. The parties represent

1  that failure to grant the continuance would deny them reasonable time
2  necessary for effective preparation, taking into account the exercise
3  of due diligence.  Defendants further believe that failure to grant
4  the continuance will deny them continuity of counsel.
5         k.   The requested continuance is not based on congestion
6  of the Court's calendar, lack of diligent preparation on the part of
7  the attorney for the government or the defense, or failure on the
8  part of the attorney for the government to obtain available
9  witnesses.
10      21.  For purposes of computing the date under the Speedy Trial
11 Act by which defendant's trial must commence, the parties agree that
12 the time period of October 28, 2025 to the new trial date, inclusive,
13 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
14 (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
15 continuance granted by the Court at the parties' joint request on the
16 basis of the Court's finding that: (i) the ends of justice served by
17 the continuance outweigh the best interest of the public and
18 defendant in a speedy trial; (ii) failure to grant the continuance
19 would be likely to make a continuation of the proceeding impossible,
20 or result in a miscarriage of justice; (iii) failure to grant the
21 continuance would unreasonably deny defendant continuity of counsel
22 and would deny defense counsel the reasonable time necessary for
23 effective preparation, taking into account the exercise of due
24 diligence; and (iv) the case is so unusual and so complex, due to the
25 nature of the prosecution, the number of defendants, and the
26 existence of novel questions of fact and law that it is unreasonable
27 to expect preparation for pre-trial proceedings or for the trial
28 itself within the time limits established by the Speedy Trial Act.

22. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 14, 2025                    Respectfully submitted,

                                              BILAL A. ESSAYLI
                                              United States Attorney

                                              CHRISTINA T. SHAY
                                              Assistant United States Attorney
                                              Chief, Criminal Division


                                              _____/s/_____
                                              KEVIN B. REIDY
                                              BENEDETTO L. BALDING
                                              Assistant United States Attorney

                                              Attorneys for Plaintiff
                                              UNITED STATES OF AMERICA

I am ANDREW A. WIEDERHORN's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 13, 2026, is an informed and voluntary one.

_____          7/14/2025
DOUGLAS M. FUCHS                   Date
Attorney for Defendant
ANDREW A. WIEDERHORN

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 13, 2026. I understand that I will be ordered to appear at the United States District Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for trial.

_____          7/14/2025
ANDREW A. WIEDERHORN                Date
Defendant

I am WILLIAM J. AMON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 13, 2026, is an informed and voluntary one.

_/s/ Gordon A. Greenberg_    7/14/25
GORDON A. GREENBERG          Date
Attorney for Defendant
WILLIAM J. AMON

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 13, 2026. I understand that I will be ordered to appear at the United States District Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for trial.

_____    _____
WILLIAM J. AMON                 Date
Defendant

I am WILLIAM J. AMON's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 13, 2026, is an informed and voluntary one.

_____          _____
GORDON A. GREENBERG                      Date
Attorney for Defendant
WILLIAM J. AMON

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 13, 2026.  I understand that I will be ordered to appear at the United States District Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for trial.

_____          07/14/2026
WILLIAM J. AMON                          _____
Defendant                                Date

I am REBECCA D. HERSHINGER's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than January 13, 2026, is an informed and voluntary one.

_____     July 14, 2025
MICHAEL J. PROCTOR                  _____
Attorney for Defendant              Date
REBECCA D. HERSHINGER

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than January 13, 2026. I understand that I will be ordered to appear at the United States District Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for trial.

_____     7/14/2025
REBECCA D. HERSHINGER               _____
Defendant                           Date

13

       I am FAT BRANDS INC.'s attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of its Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than January 13, 2026, is an informed and voluntary one.

_____     July 14, 2025_____
VICKI CHOU                           Date
Attorney for Defendant
FAT BRANDS INC.

       As the authorized representative of FAT BRANDS INC., I have read this stipulation and have carefully discussed it with FAT BRANDS INC.'s attorney.  I understand FAT BRANDS INC.'s Speedy Trial rights.  On behalf of FAT BRANDS INC., I voluntarily agree to the continuance of the trial date, and give up FAT BRANDS INC.'s right to be brought to trial earlier than January 13, 2026.  I understand that I or another representative will be ordered to appear at the United States District Court at 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor for trial.

_____     July 14, 2025_____
VICKI CHOU for FAT BRANDS INC.       Date
Defendant

14